35387. WILLIAMS *v.* CHASTAIN.

CARLISLE, J. 1. By the terms of Code § 68-302, "It is the statutory duty of the driver of a motor vehicle along a public highway in this State, whether actually moving or parked, to have such vehicle equipped with a suitable device for dimming or changing the focus of the headlights thereon, so as to prevent 'dangerously glaring or dazzling rays' from affecting the eyesight of drivers of approaching vehicles, and it is likewise the duty of such driver to dim his headlights or change their focus when necessary to prevent such 'dangerously glaring or dazzling rays' from affecting the eyesight of the driver of an approaching vehicle." *Fender* v. *Drost,* 62 *Ga. App.* 345 (1) (7 S. E. 2d 800). While the failure to have one's motor vehicle equipped with a suitable device for dimming or changing the focus of the headlights of the vehicle is negligence per se, the failure to dim the lights or change their focus is not negligence per se, as the requirement to dim is by inference and not by mandate. *Whatley* v. *Henry,* 65 *Ga. App.* 668 (2) (16 S. E. 2d 214); *Sprayberry* v. *Snow,* 190 *Ga.* 723 (10 S. E. 2d 179). Whether or not one's failure to dim the lights of his motor vehicle while on one of the public highways of this State as he meets an approaching automobile is ordinary negligence, is a question for determination by the jury under all the attendant circumstances of each case. *Sprayberry* v. *Snow,* supra.

2. The sole assignment of error before this court for determination is whether the trial court erred in its alleged failure to submit to the jury the question of whether or not the lights on the plaintiff's automobile where on *bright* or on *dim* as the defendant's automobile approached the point where the plaintiff's automobile was parked on the edge of the highway. The plaintiff alleged that his automobile had stalled on State Highway No. 280 in Cobb County, on a dark, rainy night in December 1951, and that he had parked the vehicle at the edge of the highway with the right-hand wheels off the pavement, but with the left-hand wheels on the pavement, and that the lights of his car were on dim and could be seen for a distance of some two hundred and fifty feet by the drivers of automobiles approaching from the opposite direction, and that the defendant, who was approaching from the opposite direction, was negligent, along with other enumerated acts, in driving across the center line of the highway into the plaintiff as he stood in the highway on his side of the center line near his stalled automobile. The defendant filed his general denial, and by amendment alleged that the plaintiff was the author of his own misfortunes in standing in a place of danger behind the bright lights of his automobile where he could not be seen by the defendant as he approached. The evidence was in conflict on the question of whether the lights on the plaintiff's automobile were on bright or on dim. The issue of whether the lights on the plaintiff's car were on dim or bright was clearly raised by the evidence and the pleadings, and that issue also gave rise to the question of whether or not the plaintiff was negligent in failing to dim the lights on his automobile, if in fact they were on bright.

It is an elementary principle of the practice and procedure law of this State that the trial court is required to instruct the jury with respect to every material issue raised by the pleadings and evidence; but there is also an equally elementary principle of the practice and procedure law to the effect that, where the trial court in its general charge covers the material issues raised by the pleadings and evidence, it is not required to charge the jury in detail on each specific material issue raised, in the absence of a timely written request so to do; that is to say, if the trial court gives in charge the abstract principles of law applicable to the material issues in the case, it need not, in the absence of a timely written request so to do, charge the jury so as to make a concrete application of those principles to the actual facts of the case. *Central of Ga. Ry. Co.* v. *Cooper*, 45 *Ga. App.* 806 (165 S. E. 858); *A. G. Boone Co.* v. *Owens*, 54 *Ga. App.* 379 (187 S. E. 899). Under an application of the principles of law stated here and in division 1 of this opinion, the trial court did not err in its failure to charge that, if the plaintiff failed to dim the lights on his automobile, he would be guilty of negligence. The court fully and fairly charged the law of negligence applicable to the issues of the case, and, in the absence of a timely written request so to do, the failure to charge specifically on whether or not the plaintiff was negligent if he failed to dim the lights on his automobile was not error.

3. Where grounds of a motion for new trial are not argued orally or in the brief of counsel for the plaintiff in error and are not generally insisted upon, such grounds will be treated by this court as having been

abandoned. The general grounds of the present motion for new trial are so treated.

The trial court did not err in denying the motion for a new trial, based upon the usual general grounds and the single special ground indicated in division 2 of this opinion.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED DECEMBER 2, 1954.

*T. J. Long,* for plaintiff in error.

*Grady Vandiviere, Ben Smith, Pierre Howard, Howard, Howard, Slaton & Holt,* contra.