### 19191. COCHRAN *v.* THE STATE.

MOBLEY, Justice. The defendant was indicted for murder. Upon the call of his case he filed a special plea of insanity. A special jury was impaneled to try this plea, and a verdict was returned finding against the plea. The defendant was then put on trial for murder, and was convicted with a recommendation to mercy. He filed a motion for new trial upon his special plea of insanity and upon his conviction of murder. These motions were denied, and he excepts to these judgments. The exceptions made on his motion for new trial in the matter of the special plea will be treated in divisions 1 and 2, and the motion for new trial in the main case will be treated in divisions 3 and 4 of this opinion.

1. (a) The defendant's motion for a continuance, on the grounds that counsel did not have sufficient time to prepare his defense, and that public opinion prevented him from getting a fair trial at the time, is without merit. The crime occurred on June 20, 1955; the defendant was arrested on June 22; counsel were appointed to represent him on June 29; on July 11, he was indicted, and his case was called on July 14. Before this court will control the discretion of the trial judge in refusing to grant a motion for a continuance of a criminal case, it must appear that the trial judge has abused the discretion which the law vests in him in deciding this issue. *Harris* v. *State,* 119 *Ga.* 114 (1) (45 S. E. 973), and cases cited. There was no evidence introduced upon the motion for a continuance which showed that public feeling would prevent the defendant from getting a fair trial.

(b) Special ground 2 assigns error on the failure of the trial judge to clear the courtroom of any jurors, on his own motion, while evidence was being presented to the court on the motion for continuance. The record fails to show that any jurors were present in the courtroom during such time, or if they were, that the defendant's counsel, who elicited the evidence before the court, objected to their presence or made any mention of the matter. This ground is without merit.

(c) Special ground 3 excepts to the failure of the court to charge on its own motion to the effect that, in deciding the question of sanity, the jury should not be influenced by public opinion. There was no issue in this case which authorized such a charge, and it was not error to fail so to charge. *Sledge* v. *State*, 99 *Ga*. 684 (1) (26 S. E. 756); *Keener* v. *State*, 18 *Ga*. 194, 230; *Williams* v. *Chastain*, 91 *Ga. App.* 167, 168 (85 S. E. 2d 92).

(d) Special ground 4 excepts to the refusal of the trial court to permit a physician, a witness for the defendant, to answer this question: "Doctor . . . based on your examination at that time is it your opinion today that the defendant . . . is sane or insane?" Standing alone, the refusal of the court to permit the witness to answer this question would have been error. However, the record shows that this same witness, in his testimony immediately afterwards, stated a number of times that in his opinion the defendant was insane at the time of the trial. The ruling of the court does not furnish ground for a new trial, since subsequently to the ruling the same evidence was admitted and was before the jury. *Bertody* v. *Ison*, 69 *Ga*. 317 (2); *Stewart* v. *Ellis*, 130 *Ga*. 685 (2) (61 S. E. 597).

(e) Special ground 5 excepts to the refusal of the trial court to allow a witness for the defendant to answer the question whether the defendant was sane or insane at the time the crime was committed. This ground is not meritorious; the issue upon the special plea of insanity is whether the defendant was sane or insane at the time of the trial. *Carr* v. *State*, 96 *Ga*. 284, 286 (22 S. E. 570); *Baughn* v. *State*, 100 *Ga*. 554, 558 (28 S. E. 68, 38 L. R. A. 377).

Special ground 5 also assigns as error the refusal of the trial court to permit this same witness to answer the question whether the witness believed that the defendant on the day of the trial knew right from wrong. Where the witness had previously testified that in his opinion the defendant was insane on the day of the trial, it was not harmful error for the court on objection to refuse to permit the witness to answer this question. For the witness to say that the defendant was insane was sufficient to establish that he could not distinguish between right and wrong. *Handspike* v. *State*, 203 *Ga*. 115, 120 (45 S. E. 2d 662). This assignment of error is without merit.

(f) Special ground 6, excepting to the introduction of certain evidence but failing to show what objection was made thereto or the grounds thereof, is too incomplete to require any ruling by this court.

(g) Special ground 7 excepts to the testimony of a witness for the State, who testified as to certain statements made to him by the defendant. This testimony was to the effect that the defendant had had sexual intercourse with the deceased and following this had shot her. The sole issue to be tried by the jury was whether the defendant was sane or

insane at the time of trial. As throwing light upon this question, all the facts and circumstances surrounding the defendant's acts and sayings within a reasonable time prior to the trial were admissible to aid the jury in reaching a decision. "Declarations of a person whose mental condition is in question, whether made before or after the time at which the condition is to be established, are competent so far as they tend to show his condition at the time in question, as well as . . . his conduct and circumstances surrounding the commission of the offense." Abbott, Criminal Trial Practice (4th ed.), p. 779. See *Terry* v. *Buffington,* 11 *Ga.* 337 (2) (56 Am. D. 423); *Murphy* v. *State,* 70 *Ga. App.* 387, 390 (28 S. E. 2d 198). The statement attributed to the defendant was of no value to prove that he did or did not commit the acts alluded to. Its value lies only in demonstrating his state of mind. "Where the sanity of a person accused of crime *is in issue, his declarations* made at the time of the offense or reasonably close thereto are admissible as proof of his mental condition, not of what he said." 20 Am. Jur. 404, § 457; 28 Am. Jur. 759, § 132. The statement attributed to the defendant was relevant on the question of his sanity, and it was not error to allow the witness to give the testimony excepted to.

2. Although conflicting upon the special plea of insanity, the evidence authorized the verdict finding the defendant sane, and the general grounds are without merit.

3. (*a*) Upon the trial of the defendant for murder, his counsel moved for a continuance. The ruling made in division 1 (*a*) above applies equally to the murder trial, and special ground 1 is without merit.

(*b*) Special ground 2, excepting to the refusal of the trial court to grant a continuance of the hearing of the motion for new trial, is without merit, this ground showing that the court granted a continuance on the motion from September 30 to October 6, while counsel had asked that the motion be continued until October 14. Code § 81-1419; *Lyles* v. *State,* 130 *Ga.* 294 (1, 2) (60 S. E. 578).

(*c*) Special ground 3 excepts to the failure of the trial court to give the charge treated in division 1 (*c*) above, and the ruling there made is controlling here.

(*d*) Special ground 4, excepting to the failure of the court to charge the matter set out therein, is without merit.

(*e*) Special ground 5 is without merit, it appearing that this ground excepts to the admission of evidence, and the record showing that other evidence to the same effect was admitted without objection. *Hixon* v. *State,* 130 *Ga.* 479, 481 (61 S. E. 14), and cits.

4. Upon the trial for murder the defendant did not make a statement or offer any evidence except that which was introduced to illustrate his state of mind at the time of the commission of the crime. The verdict of the jury was amply supported by the evidence for the State, and the trial court properly denied the motion for new trial on the general grounds.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1956—DECIDED FEBRUARY 15, 1956—
REHEARING DENIED FEBRUARY 29, 1956.

*Paul James Maxwell,* for plaintiff in error.

*Erwin Mitchell, Solicitor-General, Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General, E. J. Summerour,* contra.