## 53413. CRONCH v. THE STATE.

MCMURRAY, Judge.

Defendant was indicted for criminal damage to property in the second degree (three cases), pointing a gun at another, terroristic threats and acts, and aggravated assault (two cases). He made a special written plea of insanity under Code § 27-1502 that he was incapable of standing trial and did not waive his right to plead not guilty by reason of insanity. He requested a psychiatric examination, a hearing on the issue of his mental capability to stand trial and to receive medical treatment as necessary and as required by law. He was examined by the Medical Examiner of Bartow County and sent to the Central State Hospital at Milledgeville for further examination and treatment. He was later returned for trial.

At the trial the defendant stood mute and the clerk of superior court entered a plea of not guilty for him. His counsel moved for a continuance because the defendant had had some lucid intervals since his return from Central State Hospital, but stated "in his place" that the defendant could not assist counsel in the trial. He moved for further examination and treatment. This motion was overruled because he had been sent to the hospital for treatment and returned for trial. He also moved that he be found not guilty by reason of insanity and that he again be examined at Central State Hospital; and he moved for a special plea of insanity. All of his motions were overruled, the court considering only statements made by counsel,

"in their place," his knowledge of the facts as to the earlier continuance granted to the defendant, his treatment at Central State Hospital and that he was now considered sane, and also information (not in evidence) that the court obtained from "a duly qualified medical expert" after examination during the trial that the defendant was sane.

Defendant was convicted and sentenced to serve various terms from 12 months to 10 years on the offenses but was not ordered to serve same consecutively. A motion for new trial was filed, heard and overruled. Defendant appeals. *Held:*

1. Code §§ 27-1502 and 27-1504 are declaratory of the common law which forbids the trial of persons while in the state of insanity, that is, incapable of making a rational defense. *Brown v. State,* 215 Ga. 784 (1), 787 (113 SE2d 618). Code § 27-1501 requires such special plea to be in writing, and this issue is to be first tried by a special jury (Code § 27-1502). However, a defense of not guilty by reason of insanity differs in that it is a part of the general issue as made by the defendant in his plea of not guilty (here entered by the court when he stood mute). See *Long v. State,* 38 Ga. 491 (7); *Danforth v. State,* 75 Ga. 614 (3); *Cochran v. State,* 212 Ga. 245 (91 SE2d 601). Here the defendant entered a special plea of insanity which required a jury trial of that issue before a trial was authorized on the merits. Even then his defense was based on insanity at the time of the offense which the court did not allow the jury to consider. The court erred in not causing the issue raised by the special plea to be heard by a special jury as the delay during the time he was at Central State Hospital did not satisfy his plea. An additional special plea was not necessary. Enumeration of error No. 2 is therefore meritorious, although the court was not required to grant another continuance to have the defendant reexamined as to insanity.

2. The failure to hold a separate trial on the special plea of insanity rendered this trial, as to the determination of the defendant's guilt, nugatory. All other enumerations of error are not considered in view of the above ruling.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 31, 1977 — DECIDED APRIL 6, 1977.

*James A. Sparks,* for appellant.
*David N. Vaughan, Jr., Charles Crawford, District Attorneys,* for appellee.