## 32910, 32911. CRAWFORD v. THE STATE (two cases).

HILL, Justice.
After a jury found she was competent to be tried, the defendant was found guilty of the murder of her 16-year-old cousin and was sentenced to life in prison. Newspaper articles filed in support of a motion for change of venue described this as one of the worst cases of child abuse in Coweta County. The deceased was found dead in a trailer housing 13 people, 2 adults and 11 children. Several other adults were arrested as a result of collateral investigations. The victim's body bore evidence of

physical and sexual abuse.

At the trial of the special plea of insanity, a psychiatrist testified that in his opinion the defendant was not mentally competent to stand trial. A social worker who had known the defendant for over two years testified that in his opinion she would be unable to assist defense counsel. Three law enforcement officers who investigated the case and interrogated the defendant testified that in their opinion the defendant was competent.

At the trial of the special plea the psychiatrist was asked a hypothetical question by the prosecutor, over objection, which included the assumed but unproven facts that the defendant had abused the victim for a long period "as she is charged with doing" and that she "killed her cousin as she is charged with doing." The social worker was cross examined by the prosecutor, over objection, by reference to a photograph of the corpse, as to whether the scars on the body were old or fresh.

At the guilt-innocence trial at which the defendant and her mother were found guilty of murder, the state called the following witnesses: the social worker who discovered the body after the defendant called him to say she couldn't waken the victim; a newspaper photographer who took pictures of the body in the morgue; the victim's high school counselor who testified that the deceased was emotionally disturbed; the pathologist who performed the autopsy, identified the autopsy photographs and testified that death occurred at about 2 a.m. on January 7 immediately following a blow to the right forehead from a blunt instrument; and two of the law enforcement officers who investigated the crime and obtained the defendant's confession, as well as the defendant's mother's confession, that on the afternoon or evening of January 6 the defendant beat the victim with a ball bat and the mother hit the victim with her hands. The defense called no witnesses. As can be seen, the defendant's confession was the only probative evidence showing that the defendant committed the crime.

The defendant, a 16-year-old female, IQ of 56, borderline mentally retarded, was arrested on a charge of cruelty to children and was taken to the police station. She

was interrogated by four law enforcement officers at the station after being read her constitutional rights and waiving her right to counsel. After an hour the officers had her confession. Each of them asked questions. She did not volunteer the information — "You had to pick everything out of her." Although the defendant said she hit the deceased sometime during the afternoon or evening (several hours earlier than the pathologist fixed the time of death), the officers "didn't really try to pin her down" as to the time.

The record does not show that this juvenile was taken before the juvenile or superior court as required by Code Ann. § 24A-1402. *Williams v. State,* 238 Ga. 298, 300 (232 SE2d 535) (1977). The record does show that the juvenile, when advised of her Miranda rights, was not advised that she could have a parent or other relative, teacher, social worker or other adult present during the questioning.

1. Unlike a plea of guilty, a confession is not conclusive in a criminal case. "All admissions shall be scanned with care, and confession of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction." Code § 38-420.

Confessions of juveniles are scanned with more care and received with greater caution. In *Freeman v. Wilcox,* 119 Ga. App. 325, 329 (167 SE2d 163) (1969), the Court of Appeals held that although a juvenile confessed after being advised of his right to counsel, his confession was inadmissible because his mother was not advised as to her son's right to counsel.

This court, in *Riley v. State,* 237 Ga. 124, 128 (226 SE2d 922) (1976), disapproved *Freeman v. Wilcox,* supra, to the extent that it required automatic exclusion of a juvenile's confession if a parent was not advised of the juvenile's right to counsel. Instead, this court in *Riley,* supra, adopted a totality of the circumstances test, saying (237 Ga. at 128): ". . . the question of a voluntary and knowing waiver depends on the totality of the circumstances and the state has a heavy burden in showing that the juvenile did understand and waive his rights."

The court in *Riley* then set forth several of the factors

to be considered among the totality of the circumstances in determining whether the juvenile's waiver of counsel was made knowingly and voluntarily, as follows (237 Ga. at 128): "(1) age of the accused; (2) education of the accused; (3) knowledge of the accused as to both the substance of the charge . . . and the nature of his rights to consult with an attorney and remain silent; (4) whether the accused is held incommunicado or allowed to consult with relatives, friends or an attorney; (5) whether the accused was interrogated before or after formal charges had been filed; (6) methods used in interrogations; (7) length of interrogations; (8) whether vel non the accused refused to voluntarily give statements on prior occasions; and (9) whether the accused has repudiated an extra judicial statement at a later date."

Considering these factors, we find that in this case (1) the accused was 16; (2) the educational attainment of the accused was not shown by the state (where the burden rested) but we do know that her IQ was 56 and she was borderline mentally retarded; (3) she was arrested on a charge of cruelty to children with a warning that "there might be a murder charge involved in it"; Miranda warnings given and understood; (4) the accused was not allowed to consult, or advised that she could consult, with relatives or friends; the accused's mother and father were aware that the accused had been taken to jail but they were themselves in police custody; (5) accused was arrested at 5 p.m. without a warrant; interrogation began at 6:45 p.m.; state's evidence does not show compliance with Code Ann. § 24A-1402; (6) four police officers, each asking probing questions, interrogated the accused; the accused was not volunteering information; (7) the interrogation time was not excessive; (8) the state did not show that the accused had been interrogated by police on prior occasions and hence was experienced in such matters; and (9) the state did not show whether the accused had repudiated the confession. To these factors we add that the corroboration of the confession was minimal at best and in some material particulars the confession did not conform to other known facts.

In *J. J. v. State of Ga.*, 135 Ga. App. 660, 664 (218 SE2d 668) (1975), a juvenile court proceeding, the

question posed was: "Are the statements of a juvenile, made in non-juvenile detention before the requirements of Georgia juvenile law concerning detention have been complied with, and in the absence of the juvenile's parents, and prior to contact with such parents by the juvenile authorities, and in absence of knowledge on the juvenile's part that his parents can be present if he so desires, admissible against him in a juvenile court proceeding?" The Court of Appeals answered that inquiry in the negative, following *M.K.H. v. State of Ga.,* 135 Ga. App. 565 (2) (218 SE2d 284) (1975), a whole court decision (with dissent).

Although those were juvenile court proceedings as opposed to criminal cases, the rule as to confessions of juveniles should be the same because law enforcement officers cannot be certain when they question a juvenile what kind of case may develop, and the statutory safeguards (Code Ann. § 24A-1402) are applicable to both criminal and juvenile cases. *Williams v. State,* 238 Ga. 298, 300 (232 SE2d 535) (1977).

Considering all the circumstances, those proved as well as those not proved, we find that the state failed to carry its burden of proving from the totality of the circumstances that the juvenile made a voluntary and knowing waiver of her right to have the assistance of counsel or another adult during police interrogation. It was error to admit the confession on the evidence adduced by the state. Defendant's first enumeration of error in No. 32911 is sustained; defendant's second enumeration of error in that case is not reached due to insufficiency of the evidence to show compliance or noncompliance with Code Ann. § 24A-1402.

Under ordinary circumstances a post-trial hearing might be adequate to show the totality of the circumstances and the admissibility or inadmissibility of the confession. See *Brown v. State,* 238 Ga. 98, 101 (231 SE2d 65) (1976); *Thornton v. State,* 238 Ga. 160, 165 (231 SE2d 729) (1977). However, in the case before us the defendant also has enumerated error on the evidence admitted, over objection, at the trial of the special plea of insanity to which we now turn.

2. Although the evidence introduced at the trial of

the special plea of insanity was sufficient to support the verdict (*Coker v. State,* 234 Ga. 555 (6) (216 SE2d 782) (1975); see also *Staymate v. State,* 237 Ga. 661 (2) (229 SE2d 421) (1976); *Durham v. State,* 239 Ga. 697 (1) (1977)), the other enumerations of error in case 32910 are not so easily determined.

As Justice Bond Almand wrote for the court in *Brown v. State,* 215 Ga. 784, 787 (113 SE2d 618) (1960), the issue raised by a special plea of insanity at the time of trial "is not, whether the defendant can distinguish between right and wrong, but is, whether he is capable at the time of the trial of understanding the nature and object of the proceedings going on against him and rightly comprehends his own condition in reference to such proceedings, and is capable of rendering his attorneys such assistance as a proper defense to the indictment preferred against him demands."

In *Cochran v. State,* 212 Ga. 245 (1e) (91 SE2d 601) (1956), this court held that it was not error at trial of a special plea of insanity for the trial court to refuse to allow a defense witness to testify that the defendant was sane or insane at the time of the crime. Thus it can be seen that whether the defendant is guilty or not guilty of the crime charged is not relevant at the trial of a special plea of insanity. It follows that the court below erred in permitting the prosecutor to examine the defendant's witnesses as to whether the defendant was guilty of child abuse upon, and murder of the victim. The existence of old or fresh scars on the victim's body as shown by a photograph was wholly irrelevant to the issue of whether the defendant was competent to stand trial.

The verdict rendered at the trial of the special plea of insanity must be set aside and a new trial of that issue held. There having been no valid legal determination of the special plea, the verdict in the main case must likewise be set aside. *Brown v. State,* 215 Ga. 784 (2), supra.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., Jordan and Marshall, JJ., who dissent.*

SUBMITTED OCTOBER 14, 1977 — DECIDED NOVEMBER 15, 1977 —

REHEARING DENIED DECEMBER 6, 1977.

Sidney Pope Jones, Jr., for appellant.
William F. Lee, District Attorney, R. William Buzzell, II, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General, for appellee.