58445. SMALLS v. THE STATE.

SOGNIER, Judge.

Smalls was convicted in the Superior Court of Chatham County of burglary. He appeals, contending the trial court erred in denying his motion for a new trial because the evidence introduced regarding that motion established that he was, and is, not competent to stand trial and to assist in the preparation of his own defense. Secondly, he contends the trial court erred in failing to advise the jury to disregard erroneous instructions and only consider a corrected instruction.

With regard to Enumeration 1, the burglary was committed on May 25, 1977 and appellant was arrested the same date. An attorney was appointed to represent Smalls at a lineup the following day; shortly thereafter the attorney withdrew as counsel because he was unable to communicate with Smalls. A second attorney was appointed to represent Smalls, but withdrew as counsel for similar reasons. A third appointed counsel also withdrew as Smalls' counsel because "he was extremely uncooperative, exhibiting bazaar (sic) behavior and a complete lack of understanding of the charges against him and the consequences of his acts." His current counsel was appointed on October 11, 1977 and the trial was held

on October 18, 1977. Due to this background, an agreement was made between the court, the assistant district attorney and defense counsel that Smalls would receive a psychiatric evaluation after trial if he was convicted; if the evaluation showed him to be incompetent, a motion for a new trial would be granted and insanity would be presented as a defense. Smalls was convicted and as agreed was examined by the Division of Mental Health, Georgia Regional Hospital at Savannah. The results of that examination were inconclusive; the mental health division believed initially that Smalls needed hospitalization based on the variation in his mental condition. At times he was well-oriented and friendly, and on other occasions he was rambling and incoherent; on one occasion he would be lucid, and on another occasion he would be totally confused. The decision that hospitalization was needed was reversed because of the variance in Smalls' mental condition. Because of this rapid variance the evaluators felt his competency and responsibility for criminal actions was open to question, and he should receive follow-up psychiatric treatment, either on probation or at his place of confinement.

As agreed, Smalls filed a motion for new trial. Because of his continued erratic behavior the trial judge requested additional information from the division of mental health. By letter of March 14, 1979 that division reported the Smalls was suffering from "Schizophrenia, Schizo-affective Type with Paranoid Features." The letter also stated that "[H]e has a disturbance of thinking, mood, and behavior which may lead to misrepresentation of reality and sometimes to delusions and hallucinations." Finally, the letter stated there was no way to ascertain definitely his level and quality of reality contact. However, by reading the transcript of trial the personnel evaluating Smalls found nothing to indicate that he did not understand the proceeding, and emphasized that Smalls' schizophrenic condition did not automatically render him incompetent to stand trial. Based on the psychiatric evaluations, statements from Smalls' appointed attorneys, statements from prison personnel and the transcript of trial, the trial judge denied the

motion for a new trial, and Smalls filed this appeal, contending the evidence showed that he was not competent to stand trial.

1. Code Ann. § 27-1502 relates to a plea of incompetency to stand trial, but is of little assistance in resolving this case for it deals with a plea of mental incompetency prior to trial. However, the issue of mental competency to stand trial is the same whether raised before, during or subsequent to trial, and if, in fact, Smalls was not competent at the time of his trial but is now competent to stand trial, a new trial should be granted.

We note at the outset the dilemma facing a trial judge in determining a person's competency. He must rely on the opinions of psychiatrists as to an individual's mental condition and psychiatry, at the very least, is an imprecise field based on observation, behavior and what an individual chooses to tell a psychiatrist about his background and actions. Thus, a person's mental condition is at best an "educated guess" except in the most extreme cases. The trial judge in this case faced the issue squarely of Smalls' competency to stand trial, and directed a psychiatric evaluation to determine this issue. The initial evaluation was not conclusive and because of the difficulty in determining this issue the trial judge sought, and received, a second complete evaluation. Both evaluations indicated that Smalls was competent to stand trial, and as no other evaluation was presented by the defense, the judge did not err in deciding the issue of mental competency adversely to Smalls. The Supreme Court has held that "the issue raised by a special plea of insanity at the time of trial 'is not, whether the defendant can distinguish between right and wrong, but is, whether he is capable at the time of the trial of understanding the nature and object of the proceedings going on against him and rightly comprehends his own condition in reference to such proceedings, and is capable of rendering his attorneys such assistance as a proper defense to the indictment preferred against him demands.'" *Crawford v. State,* 240 Ga. 321, 326 (240 SE2d 824) (1977); *Echols v. State,* 149 Ga. App. 620 (255 SE2d 92) (1979). Thus, as Smalls' first enumeration of error is directed to his competency to stand trial, we are not concerned with his

insanity at the time of commission of the offense charged. "A hearing upon a special plea of insanity is a proceeding of a civil nature, in which the burden rests on defendant to produce evidence of his insanity." *Corn v. State,* 240 Ga. 130, 139 (240 SE2d 694) (1977); *May v. State,* 146 Ga. App. 416 (246 SE2d 432) (1978). In *Echols,* supra, we held that a "special plea of insanity" does not relate to insanity (mental responsibility), but to mental competency.

*Crawford,* supra, laid down the tests for determining mental capacity. First, whether the defendant is capable *at the time of the trial* of understanding the nature and object of the proceedings against him; second, whether the defendant comprehends his own condition in reference to such proceedings; and third, whether the defendant is capable of rendering his attorneys such assistance as a proper defense to the indictment preferred against him demands. Applying these tests to the case before us, Smalls must be found competent. In regard to the first and second tests we can only look to the transcript, which discloses that Smalls answered all questions asked in a responsive manner, indicating that he understood the nature of the proceedings against him and comprehended his own condition in reference to those proceedings. There is no evidence indicating that Smalls was not *capable* of assisting his counsel at the time of trial; the only evidence is two letters from his former attorneys to a third attorney, J. Mark Nathan, that Smalls was not cooperative, was unable to assist in preparation of his defense, and lacked understanding of the charge against him. None of this information relates to Smalls' condition at the time of trial. The only evidence relating to his competency at the time of Smalls' trial is the transcript of his testimony, together with the two psychiatric evaluation reports. "Both statute and common law grant the trial judge inherent authority to satisfy himself that the accused has [in this case, had] mental capacity to go to trial." *Presnell v. State,* 241 Ga. 49, 56 (243 SE2d 496) (1978). The trial judge here exercised that authority, and we find no reason to disturb his ruling.

2. The second enumeration of error was raised for the first time on appeal, and the defense counsel made no request for an instruction to the jury to disregard

erroneous instructions. As the argument offered by Smalls in support of his appeal of the denial of his motion for a new trial is presented here for the first time, it presents nothing for this court to review. *Carroll v. Johnson,* 144 Ga. App. 750, 752-753 (242 SE2d 296) (1978). "It is well settled that this court will not consider questions raised for the first time on review." *Foster v. Continental Cas. Co.,* 141 Ga. App. 415, 416 (233 SE2d 492) (1977).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED FEBRUARY 1, 1980.

*G. Terry Jackson,* for appellant.
*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.