## 43412. BROWN v. THE STATE.
### (349 SE2d 452)

HUNT, Justice.

We granted this interlocutory appeal to consider the defendant's claim that the state improperly introduced evidence of the crimes for which he was charged during his competency trial. He relies on *Crawford v. State,* 240 Ga. 321, 326 (240 SE2d 824) (1977), where we held that "whether the defendant is guilty or not guilty of the crime charged is not relevant at the trial of the special plea of insanity."

At his competency hearing, the defendant's parents testified that the defendant had suffered from mental problems, including several episodes of attempted suicide since he was 15 years old (At the time of the hearing, he was 20.) and had on three occasions been hospitalized for several months at a time at Georgia Regional Hospital. About a year before the incidents here involved the defendant had been knocked unconscious for about an hour during a boxing match in Florida and in their opinion had not been the same since. They described him as not acting normally, looking wild and glittery-eyed, and talking about little men. They admitted, however, that his condition had improved, and that he had written a letter to his father stat-

ing he knew he had been charged with crimes along with his two nephews, but that he was not guilty.

The mother also stated that she had gone with him to the police station on another occasion when he had been charged with rape. She stated that her son contended that the rape report was false but had been made because he could not pay the victims, whom he said were prostitutes.

The state's evidence consisted primarily of expert testimony offered by a psychologist from Central State and a psychiatrist from the Fulton County Jail, both of whom had evaluated the defendant. It was the conclusion of these experts that the suicide episodes were related to adolescent stress reaction and were not symptomatic of mental illness, that there did not appear to be brain damage from the boxing incident, and that his current complaints about the little men were consistent with malingering, i.e., feigning mental illness as a defense to the crimes for which he was charged. They concluded that he was competent to stand trial.

The state also presented as witnesses one of the victims of the crimes with which he is charged and the victim of an alleged similar crime to be introduced against him at trial. Both victims were called to show that the defendant appreciated the charges against him.

The first witness said she saw the defendant on May 15, 1985, when something happened between them. He told her he "had been through it before and he wasn't going to let it happen to him again, getting caught." He also said: "Don't let her fool you; she's not dead. Don't let her fool you."

The second witness said she had known the defendant since high school, that on January 27, 1985, something happened, and he stated, "If I go to the law, he will bomb my house because he knew where I lived," and that he was "paying us back for dumping him, and he should kill us because that's what he did to the last girl that dumped him." Immediately following the testimony of each of these witnesses the trial court cautioned the jury as follows: "You may receive this testimony only for whatever weight you believe appropriate on the issue of the defendant's mental competence to stand trial. You are not to consider the evidence for any other purpose."

The defendant argues that admission of these statements by his alleged victims distracted the jury from the issue of his competency to stand trial to that of his guilt or innocence and was reversible error under *Crawford v. State*, supra, 240 Ga. at 321. We find that case distinguishable.

*Crawford* stands for the proposition that the issue raised at the competency trial is not whether the defendant can distinguish between right and wrong but is whether he is capable at the time of the trial of understanding the nature and object of the proceedings going

on against him. Thus, in *Crawford*, where the state offered evidence as to whether the defendant was guilty of child abuse upon, and murder of the victim, and offered photographs showing scars on the victim's body, such evidence was not only irrelevant to the competency issue but was so prejudicial as to require reversal. See also *Baker v. State*, 250 Ga. 187 (297 SE2d 9) (1982). In the case before us, however, no evidence of the facts of the crimes charged was admitted. The defendant's statements, as related by the victims, were to the effect that he could not allow them to live because to do so would cause him to be caught for his criminal actions. While it might be argued that this evidence tended to show that the defendant knew right from wrong at the time of those incidents, it is clear that such evidence would also bear on his understanding of the nature of the crimes and his awareness that charges would be brought against him. Moreover, his statements were made at a point in time when, according to his own evidence, he would have been incompetent and thus incapable of such understanding and awareness. See generally *Lindsey v. State*, 252 Ga. 493 (314 SE2d 881) (1984). Hence, they were relevant in contradiction of his contention that his mental illness was long term and continuing.

Examined in the context of the total evidence in this case and of the cautionary instructions from the trial court, we cannot agree with the defendant's contention that the evidence complained of requires a reversal of the verdict and judgment in his competency trial.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 1986.

*Thomas R. Moran,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.