A98A1968. HUZZIE v. THE STATE.
(512 SE2d 5)

ANDREWS, Judge.

Derick D. Huzzie appeals from the judgment of conviction entered on jury verdicts finding him guilty of two counts of armed robbery.

1. There is no merit to Huzzie's claim that the evidence was insufficient to support the jury's guilty verdicts.

The State presented evidence that two victims were robbed at

gunpoint at their residence and that the robberies were planned and carried out by Huzzie and two accomplices. The victims were Huzzie's sister and her boyfriend. While Huzzie was visiting the victims, he walked outside the residence, then came back inside pretending to be held at gunpoint by two masked men who were actually his accomplices. Although Huzzie claimed he had no part in the robberies, the State presented testimony from both accomplices — the testimony of one corroborating the testimony of the other — that Huzzie planned and participated in the armed robberies. *Ross v. State*, 245 Ga. 173, 177 (263 SE2d 913) (1980). The evidence was sufficient to show that Huzzie was guilty as a party to the crimes beyond a reasonable doubt. *Murphy v. State*, 212 Ga. App. 153, 154 (442 SE2d 2) (1994); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Huzzie claims his trial counsel was ineffective for failing to raise either before or during the trial the issue of whether he was mentally competent to stand trial.

The competency issue was raised for the first time after the trial in Huzzie's motion for a new trial. An accused has a constitutional right not to be put on trial while incompetent. *Harris v. State*, 256 Ga. 350, 351 (349 SE2d 374) (1986). "[T]he issue of mental competency to stand trial is the same whether raised before, during or subsequent to trial, and if, in fact, [Huzzie] was not competent at the time of his trial but is now competent to stand trial, a new trial should be granted." *Smalls v. State*, 153 Ga. App. 254, 256 (265 SE2d 83) (1980). The issue is whether at the time of the trial Huzzie was capable of understanding the nature and object of the proceedings against him, whether he rightly comprehended his own condition in reference to such proceedings, and whether he was capable of assisting his attorney in the defense of the charges against him. *Crawford v. State*, 240 Ga. 321, 326 (240 SE2d 824) (1977).

Huzzie's trial attorney testified at the hearing on the motion for a new trial that he was aware that Huzzie had been treated for depression and suicidal and homicidal ideation at a mental hospital between the time of his arrest and the time of the trial. He testified, however, that he was unaware Huzzie had attempted suicide. Trial counsel testified that he spoke to Huzzie about his mental problems prior to trial and determined that Huzzie understood what he was doing. He testified that he discussed the case with Huzzie, that Huzzie understood the charges against him, assisted in the preparation of his defense, and participated in his trial. The transcript of the trial reflects that Huzzie testified in his own defense, spoke candidly about his depression during his testimony, testified as to the details of the robbery while denying that he was a participant, and gave rational answers to questions posed on direct and cross-examination.

In ruling on the motion for a new trial, the trial court entered an order for a hearing on Huzzie's competency and heard evidence from two psychologists who examined Huzzie on July 29, 1997, and February 11, 1998, respectively, to determine if he was competent at the time of the September 12, 1996 trial. The psychologist employed by Huzzie found he was suffering from severe cognitive impairment, would be unable to provide "consistent help" to an attorney, and would have "a lot of difficulty" understanding the consequences of a trial. Based on his examination, he testified that Huzzie was probably incompetent to stand trial in September 1996. The psychologist employed by the State testified that, based on her examination of Huzzie and her review of the transcript of the testimony at the trial, she found no evidence that Huzzie was suffering from any kind of severe mental symptoms at the time of the trial that would have interfered with his ability to understand the nature and object of the legal proceedings, or with his ability to comprehend his own condition in reference to the proceedings, or with his ability to render assistance to his attorney. She testified that Huzzie was able to discuss with her the details of the trial and that he remembered his own testimony at trial and that of the other witnesses.

Considering the testimony of Huzzie's trial attorney, the transcript of the trial, and the conflicting expert testimony, we find the trial court properly exercised its discretion in determining that Huzzie was competent at the time of trial. *Smalls*, 153 Ga. App. at 255-257; *Levitt v. State*, 170 Ga. App. 32-34 (316 SE2d 6) (1984).

It follows that the trial court also correctly denied Huzzie's motion for a new trial made on the basis that his trial attorney was ineffective for failing to raise the competency issue. *Morris v. State*, 226 Ga. App. 535, 536-539 (488 SE2d 685) (1997). Assuming, without deciding, that trial counsel had or could have acquired information sufficient to warrant further investigation of Huzzie's mental condition prior to or during the trial, "[t]o establish a claim of ineffective assistance of counsel, [Huzzie] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)." *Johnson v. State*, 222 Ga. App. 722, 728 (9) (475 SE2d 918) (1996); *Morris*, 226 Ga. App. at 538-539. Since the evidence supported the trial court's determination that Huzzie was competent at the time of the trial, there was no showing of prejudice under *Strickland*.

3. Huzzie contends the trial court erred by denying his motion for a new trial made on the competency issue because the State failed to carry its burden of showing there was sufficient evidence to make

a meaningful retrospective determination that he was competent at the time of the trial.

This argument is based on the holding in *Baker v. State*, 250 Ga. 187, 192-193 (297 SE2d 9) (1982). *Baker* held that the defendant has a right under the United States Constitution not to be put on trial while incompetent and that, where sufficient doubt as to the defendant's competency is raised during the criminal proceedings, due process requires the trial court to give the defendant an adequate hearing on the issue of competency. Id. at 189-190. Recognizing that these constitutional requirements continue throughout the criminal proceedings both prior to and during the trial of the main case itself, *Baker* held that "the trial court has the inherent authority and duty to question competency before and during the trial and if at any time while criminal proceedings are pending, the court observes facts which raise doubt as to the sanity of the accused, or such facts are brought to its attention by counsel, the question of his sanity should be settled before further steps are taken." (Citation and punctuation omitted.) Id. at 190-191.

In *Baker* there was evidence presented before and during the trial which raised doubt as to the defendant's competency, but no hearing was conducted to investigate the defendant's competency. Accordingly, *Baker* concluded that the due process requirements for an adequate hearing on the issue of the defendant's competency were not met in the trial court. Id. at 192. To remedy this failure, *Baker* remanded the case for a hearing to determine whether the defendant was competent at the time of trial. Id. at 192-193. In remanding the case, *Baker* held: "Upon remand the burden first falls upon the state to show there is sufficient evidence to make a meaningful determination of competency at the time of trial. If the court rules that a determination of appellant's competency at the time of his trial is not presently possible, then a new trial must be granted. If the court decides such a determination is possible, the issue of competency to stand trial must be tried and the appellant shall have the burden to show incompetency by a preponderance of the evidence." Id. at 193.

In the present case, Huzzie made no special plea pursuant to OCGA § 17-7-130 raising the issue of his competency at the time of trial, and there is no evidence in the record raising sufficient doubt before or during the trial as to Huzzie's competency so as to trigger the due process requirement that the trial court conduct a competency hearing as required by *Baker*. Huzzie's contention that his constitutional rights were violated arose, not from a denial of due process as in *Baker*, but from a post-conviction claim that counsel was ineffective in failing to bring evidence of his mental problems to the attention of the trial court for the purpose of investigating his competency to stand trial. See *Curry v. Zant*, 258 Ga. 527-528 (371 SE2d

647) (1988). Nevertheless, where the evidence supports the defendant's claim that he was improperly denied a competency hearing, whether by denial of due process or by ineffective assistance of counsel, a retrospective determination of the defendant's competency at the time of trial can be made only if there is sufficient evidence presently available to make a meaningful determination. See *Baker*, 250 Ga. at 192-193.

Although there are obvious difficulties connected with conducting a retrospective competency hearing, the initial determination as to whether there is sufficient data upon which to make a meaningful determination rests with the trial court subject to review by this Court for abuse of discretion. See *Dowdy v. State*, 169 Ga. App. 14, 15 (311 SE2d 184) (1983); *Smalls*, 153 Ga. App. at 257. Neither the length of time between the trial and the retrospective hearing nor the opinion of experts is necessarily determinative on this issue. The observations of the Fifth Circuit Court of Appeals in *Wheat v. Thigpen*, 793 F2d 621, 630 (5th Cir. 1986) are instructive: "[T]he length of time between the trial and the nunc pro tunc hearing [is] not determinative. . . . [T]he transcript of the trial itself may provide a solid starting point for reliable reconstruction of the facts. While we recognize that contemporaneous expert medical evidence often provides the most useful evidence for determining whether a meaningful hearing may be held, we have also stated that the recollections of non-experts (including the observations of the trial judge) who had the opportunity to interact with defendant during the relevant period may in some instances provide a sufficient base upon which a fact finder may rest his decision that even a belated determination will be accurate. We have also approved the use of experts to aid the [trial] court in determining whether the court may hold a meaningful retrospective hearing. The test for the [trial] court in determining the question of meaningfulness is whether the quantity and quality of available evidence was adequate to arrive at an assessment that could be labeled as more than mere speculation." (Citations and punctuation omitted.) See *Levitt*, 170 Ga. App. at 34.

Assuming, without deciding, that Huzzie was improperly denied a competency hearing before or during the trial by reason of ineffective assistance of counsel, the trial court did not abuse its discretion by finding that there was sufficient evidence to make a meaningful retrospective determination as to Huzzie's competency at the time of trial. Accordingly, the trial court did not err by denying Huzzie's motion for a new trial.

4. Huzzie claims the trial court erred in denying his motion for a mistrial made on the basis that the prosecutor improperly commented on his character during the opening statement.

During his opening statement, the prosecutor told the jury that

Huzzie's two accomplices, both seventeen years old and both of whom had already pled guilty, would testify for the state and that they were "not hardened criminals." Huzzie moved for a mistrial claiming that the statement that they were not hardened criminals implied he had a criminal record. We find no merit in this contention. The statement did not even mention Huzzie, and the prosecutor stated he was referring solely to the accomplices.

5. Huzzie contends the trial court erred by failing to give an unrequested charge on mere association. "[S]ince the trial court instructed the jury that the [S]tate must prove every element of the offenses charged beyond a reasonable doubt, and the mere association principle is just a corollary of this requirement, this argument is without merit." *Hy v. State*, 232 Ga. App. 247, 250 (501 SE2d 583) (1998); *Roberts v. State*, 223 Ga. App. 167, 168 (477 SE2d 345) (1996).

6. Huzzie contends that the trial court's charge to the jury that they would determine "both the law and the facts" was reversible error. Since jurors determine the facts from the evidence presented, but not the law, which is given by the court in the jury charge, the above charge was error. *Young v. State*, 225 Ga. App. 208, 209-210 (483 SE2d 636) (1997). Nevertheless, given the trial court's charge as a whole, including correct charges on the presumption of innocence, the elements of the charged offenses, and the State's burden of proof, the error was harmless. Id. at 210.

7. Contrary to Huzzie's contention, we find nothing in the trial court's preliminary instructions to the jury that improperly shifted the burden of persuasion to the defense or that constituted an improper expression of opinion by the trial court.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 2, 1999.

*Douglas N. Fox*, for appellant.
*Peter J. Skandalakis, District Attorney, Brett E. Pinion, Assistant District Attorney*, for appellee.