A06A0424. IN THE INTEREST OF L. S., a child.
(630 SE2d 177)

BARNES, Judge.
L. S. appeals the judgment of the Juvenile Court of Fulton County denying his motion to vacate a dispositional order and enter a plea of incompetence. He contends the juvenile court erred by refusing to vacate the disposition order and transfer the case to the Juvenile Court of Clayton County and also erred by failing to hold a competency hearing. Because the State concedes that the juvenile court erred by finding it had no jurisdiction to reopen the case and recommends that we vacate the juvenile court's order and remand the case for further proceedings, we will adopt the State's recommendation.

The record shows that L. S. was adjudicated delinquent by the Juvenile Court of Clayton County following his admission that he committed theft by receiving an automobile, concealing the identification of a motor vehicle, driving without a license, speeding, and violating curfew. The Juvenile Court of Clayton County then transferred the case to the Juvenile Court of Fulton County for disposition because L. S. is a resident of Fulton County. After a disposition

hearing, the juvenile court committed L. S. to the Georgia Department of Juvenile Justice.

The record further shows, however, that because of charges against L. S. in DeKalb County, the Juvenile Court of DeKalb County had ordered a mental competency evaluation of L. S., and the evaluation by a State psychologist found that L. S. was not competent to stand trial. As a result, his plea of incompetence was granted in DeKalb County.

The next month, L. S. filed a motion to vacate the disposition order and enter a plea of incompetence. Following a hearing on that motion, the juvenile court denied the motion because the court believed that it lacked jurisdiction to grant the relief requested.

As the State concedes that the trial court's ruling was erroneous and recommends that we remand the case to the Juvenile Court of Fulton County, see OCGA § 15-11-40 (a) (3); *Huzzie v. State*, 236 Ga. App. 192, 193 (1) (512 SE2d 5) (1999), we need not address in detail the arguments of the parties. Accordingly, the judgment is vacated and the case remanded to the Juvenile Court of Fulton County for further proceedings. Upon the juvenile court's resolution of the issue, if necessary, the appellant may reinitiate his appeal by timely filing a notice of appeal within 30 days of the juvenile court's order ruling on his motions. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV.

*Judgment vacated and remanded with direction. Andrews, P. J., and Bernes, J., concur.*

DECIDED APRIL 19, 2006.

*Linda A. Pace*, for appellant.

*Paul L. Howard, Jr., District Attorney, Kathleen A. Giroux, Lyn K. Armstrong, Ayana C. Curry, Assistant District Attorneys*, for appellee.