<h2 style="text-align:center">DECIDED JANUARY 14, 2009.</h2>

*Michelle L. Thomas*, for appellants.
*Hall & Hirsh, Daniel M. Hirsh*, for appellee.

## A08A2400. WADLEY v. THE STATE.
(672 SE2d 504)

MILLER, Chief Judge.

Following a bench trial, Theresa Ann Wadley was convicted of a single count of aggravated assault. Wadley now appeals from the denial of her motion for a new trial, asserting that the trial court erred in denying her motion for a second, pretrial evaluation of her competence to stand trial. Discerning no error, we affirm.

The record shows that following Wadley's indictment, the trial judge originally assigned to the case ordered her to undergo a competency evaluation. That evaluation was performed on January 20, 2004, but the results were inconclusive. The psychologist who performed the evaluation opined that Wadley's "competency could not be accurately assessed because of [Wadley's] failure to cooperate [in answering questions] and [Wadley's] exaggeration of her symptoms" of mental illness. The psychologist further stated that (1) there was a 97.9 percent chance that Wadley was exaggerating her symptoms of incompetency; and (2) Wadley's "primary mental health and legal problems appeared to be tied to [her] use of cocaine."

Wadley fired her original attorney and trial counsel undertook representation of Wadley the first week of May 2004. Several weeks

---

later, after a jury was selected, Wadley's case was called for trial. At that time, her attorney moved for a postponement of trial and for a second competency evaluation of Wadley, claiming that she could not assist counsel in preparing the defense of her case. The trial court conducted a brief hearing, at which it reviewed Wadley's competency evaluation from January 2004 and heard arguments from counsel. The judge also questioned Wadley about her understanding of: (1) the charges against her and the incident that resulted in those charges; (2) the punishment she could receive if convicted; and (3) the trial process. Additionally, the trial court discussed with Wadley whether she had been able to work with her attorney in preparing for trial. Based on its review of Wadley's competency evaluation and his examination of Wadley, the trial court found that Wadley was competent to stand trial, denied defense counsel's motion for a second competency evaluation, and ordered that the trial would begin the next day.

The following day, defense counsel appeared for trial and renewed his motion for a further evaluation of Wadley's competency. In support of this motion, trial counsel presented Wadley's signed statement in which she asserted that if the trial court ordered a further competency evaluation and if she were found competent, she would waive her right to a jury trial and would proceed immediately with a bench trial. The trial court denied the renewed motion and then discussed with Wadley whether she wanted a bench trial or a jury trial. Following an extensive discussion about the differences between the two proceedings, Wadley elected a bench trial.

After Wadley was found guilty she moved for a new trial, asserting as error the trial court's refusal to order a further competency evaluation. The trial court denied that motion and this appeal followed.

Because Wadley did not file a special plea of incompetence to stand trial pursuant to OCGA § 17-7-130, she waived her right to a special jury trial on the issue of her competency. See *Baker v. State*, 250 Ga. 187, 189 (1) (297 SE2d 9) (1982). Even where no special plea is filed, however, where a question about a defendant's competence is raised, the trial court must hold an "adequate hearing" on the issue. Id. at 190 (1). If, during that hearing, the trial court "receiv[es] information which, objectively considered, should reasonably raise a doubt about the defendant's competence, [it] should conduct a civil proceeding before a special jury, even where state procedures for raising the issue are not followed. [Cit.]" *Brogdon v. State*, 220 Ga. App. 31, 33 (1) (467 SE2d 598) (1996).

Here, the trial court conducted a hearing and concluded that Wadley was competent to stand trial. The question on appeal, therefore, is whether the trial court abused its discretion in finding

no reasonable doubt as to Wadley's competency and therefore no need to conduct further proceedings. *Huzzie v. State*, 236 Ga. App. 192, 194 (2) (512 SE2d 5) (1999). We find no such abuse of discretion.

"Competency involves a defendant's mental state at the time of trial. [Cit.]" *Sims v. State*, 279 Ga. 389, 390 (1) (614 SE2d 73) (2005).

> The threshold for competency is easily met in most cases; it exists so long as a defendant is capable at the time of the trial of understanding the nature and object of the proceedings going on against him and rightly comprehends his own condition in reference to such proceedings, and is capable of rendering his attorneys such assistance as a proper defense to the indictment preferred against him demands.

*Traylor v. State*, 280 Ga. 400, 406 (4) (b) (627 SE2d 594) (2006).

The record reveals that there was sufficient evidence to support the trial court's conclusion that Wadley was competent to stand trial. During her conversation with the trial judge, Wadley stated that, since being jailed, she had felt suicidal, had deliberately cut herself several times on places such as her feet, and had a hard time focusing. Despite her emotional state, however, Wadley knew that she was charged with aggravated assault and was familiar with both the facts alleged in the indictment and the incident that led to that indictment. Wadley also acknowledged that, if convicted, she would be sentenced to prison and that her attorney had advised her that she would probably have to serve at least 90 percent of any prison sentence imposed.

Wadley confirmed that she had discussed her case with her attorney and was helping him to prepare her defense as best she could, despite her problems focusing and gaps in her memory regarding the incident at issue. Wadley explained to the court that the only witness she knew of was the alleged victim, and that she had asked her attorney to speak with him. Wadley knew, however, that the victim was under no obligation to speak with her attorney, and she had been told that the victim would not talk with her lawyer. Demonstrating some knowledge of evidentiary procedure, Wadley asserted to the court that the victim's alleged refusal to speak with defense counsel was merely "hearsay," because the refusal had been relayed by the victim's niece — no one had been able to speak to the victim directly.

The trial court questioned Wadley to make sure that she understood the trial process. During that exchange, Wadley indicated that she understood that the State bore the burden of proof and would present evidence against her, and discussed with the trial court what that evidence might consist of. As part of that discussion,

Wadley volunteered to the trial court that she had given police a statement regarding the incident, was able to identify for the trial court the officer who had written her statement for her to sign, and acknowledged her signature on that statement.

At the end of the hearing, the trial court asked Wadley if she understood everything that had just been discussed and if she understood that her trial would begin the next day. Wadley responded affirmatively to both questions.

Given Wadley's exchange with the trial court and the conclusions and opinions set forth in Wadley's original competency evaluation, the trial court did not abuse its discretion in finding Wadley competent to stand trial. See *Traylor*, supra, 280 Ga. at 404 (4) (a) (In reviewing a trial court's competency finding, "the appellate court must focus on any evidence of the defendant's irrational behavior, the defendant's demeanor at trial, and any prior medical opinion regarding the defendant's competence to stand trial. [Cit.]").

Finally, we note that on the morning of trial, Wadley and her attorney implicitly conceded Wadley's competence to stand trial. At that time, defense counsel renewed his motion for a further competency evaluation of Wadley. In support of that motion, defense counsel presented Wadley's written, signed statement, in which she reiterated her understanding of the potential penalty she faced if convicted and, with that understanding, agreed to waive her right to a jury trial if the trial court ordered a second competency evaluation. The statement further provided that it was "made freely and voluntarily and intelligently, free of any coercion or any other kind of influence from my attorney, law enforcement, or any other person or persons." Defense counsel explained to the trial court that he had engaged in a lengthy and detailed discussion with Wadley about the decision to waive a jury trial, indicating that she had understood the same. On appeal, Wadley fails to explain how she could have been competent to freely, voluntarily, and intelligently waive her right to a jury trial but nevertheless be incompetent to stand trial.[1] See *Gibbs v. State*, 235 Ga. 480, 483 (3) (220 SE2d 254) (1975) (waiver of constitutional rights not valid unless defendant was mentally competent at time of waiver); *Lamar v. State*, 278 Ga. 150, 151 (1) (a) (598 SE2d 488) (2004) ("The standard of mental competency to stand trial is the same as the standard of mental competency to

---

[1] Moreover, after the trial court denied defense counsel's renewed motion for a further competency evaluation, Wadley engaged in a detailed discussion with the trial court regarding the differences between a bench and a jury trial. Wadley posed intelligent questions during that discussion and ultimately waived her right to a jury trial. She does not challenge this waiver on appeal.

waive the right to counsel.") (citing *Godinez v. Moran*, 509 U. S. 389, 398 (II) (A) (113 SC 2680, 125 LE2d 321) (1993)).

In light of the foregoing, we affirm the trial court's order denying Wadley's motion for a new trial.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 14, 2009 — ▄▄▄▄▄▄▄▄▄▄

*Jerry M. Daniel*, for appellant.

*Richard A. Mallard, District Attorney, Daphne H. Jarriel, Assistant District Attorney*, for appellee.