# FOURTH DIVISION
## DOYLE, P. J.,
## ANDREWS and BOGGS, JJ.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**October 18, 2012**

# In the Court of Appeals of Georgia

A12A1491. KAR v. THE STATE. DO-057 C

DOYLE, Presiding Judge.

After a jury trial, Adityamoy Kar was convicted of possession of methamphetamine,[1] driving under the influence ("DUI") of methamphetamine and amphetamine,[2] DUI of methamphetamine and amphetamine such that it was less safe ("DUI less safe") to do so,[3] and speeding.[4] Kar appeals, arguing that (1) the trial court erred by admitting evidence of the Romberg field sobriety test in violation of *State v. Harper*; and (2) the evidence was insufficient to support his convictions of (a) DUI

---

[1] OCGA § 16-13-30 (a). A charge of fleeing or attempting to elude a police officer was nolle prossed by the State.

[2] OCGA § 40-6-391 (a) (6).

[3] OCGA § 40-6-391 (a) (2).

[4] OCGA § 40-6-181 (b) (2).

less safe, and (b) possessing methamphetamine. For the reasons that follow, we affirm.

On appeal, this Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[5] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.[6]

Viewed in favor of the verdict,[7] the evidence shows that Officer James Harper of the Henry County Police Department was stationed along Interstate 75 on September 17, 2008, watching traffic and operating a stationary laser. A vehicle approached Harper, who clocked the vehicle traveling at 94 miles per hour in a 70 miles-per-hour zone. Officer Harper pursued the vehicle in order to effect a traffic stop, but the driver, later determined to be Kar, continued at a high rate of speed along the interstate and changed lanes erratically. As he closed in on the vehicle,

---

[5] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] (Punctuation omitted.) *Jaffray v. State*, 306 Ga. App. 469, 470 (1) (702 SE2d 742) (2010).

[7] See id. at 469, citing *Jackson*, 443 U. S. at 307.

Officer Harper activated his lights, and Kar signaled his right blinker, but made a left-hand lane change. Kar then moved to the middle lane of the highway, passed a vehicle, and moved back in front of the vehicle as Harper followed. Kar then exited the highway and stopped on the right side of the exit ramp. Kar complained of feeling ill after having stopped at a fast-food establishment, and Officer Harper obtained an ambulance to treat him prior to further investigation. Harper described Kar's behavior as fidgety and quick.

After receiving clearance from paramedics, Officer Harper arrested Kar for speeding, reckless driving, and fleeing and attempting to elude a police officer. Harper handcuffed Kar, and while conducting a search incident to arrest, the officer discovered a small bag containing a white crystal-like substance (later determined to be methamphetamine) in Kar's pants pocket. The discovery of the substance prompted Officer Harper to conduct a number of field sobriety tests, and based on the officer's observations of Kar's dexterity, behavior, and ability to follow directions, Harper determined that Kar was intoxicated to the extent that he was less safe to drive.

After a jury trial, Kar was convicted of reckless driving, DUI, DUI less safe, and speeding. He thereafter filed a motion for new trial, which the court denied, and Kar now appeals.

1. Kar argues that the trial court erred by admitting evidence of the Romberg field sobriety test without laying proper foundation pursuant to *Harper v. State*.[8] We discern no reversible error.

Pretermitting whether it was erroneous to admit evidence of the Romberg Test without subjecting it to *Harper v. State*, the error was harmless in light of the overwhelming evidence of Kar's guilt.[9] Officer Harper detected Kar traveling at an excessive rate of speed (94 miles per hour in a 70 miles-per-hour zone); Kar continued along the highway, while Harper followed at speeds up to 120 miles-per

---

[8] 249 Ga. 519, 524-526 (1) (292 SE2d 389) (1982) (requiring that a trial court first determine whether a scientific test — a procedure that falls outside the ken of an ordinary juror's understanding — has reached a level of verifiable certainty and acceptance by the scientific community for the purposes used in the case). Compare with *State v. Pastorini*, 222 Ga. App. 316, 318-319 (2) (474 SE2d 122) (1996) (explaining that "sobriety tests such as the 'walk and turn' and the 'one leg stand,' both of which demonstrate a suspect's dexterity and ability to follow directions, do not constitute scientific procedures" such that they are subject to the *Harper* analysis).

[9] See *Manley v. State*, 206 Ga. App. 281, 282 (424 SE2d 818) (1992), citing *Foster v. State*, 204 Ga. App. 632 (420 SE2d 78) (1992); *Ross v. State*, 192 Ga. App. 850 (1) (386 SE2d 721) (1989).

hour to catch him, erratically changed lanes and incorrectly signaled; and Kar continued to drive evasively after Harper had activated his lights. While Officer Harper was talking with Kar beside the roadway, he noticed Kar's unusual behavior, including asking for medical attention and exhibited fidgety movements, and thereafter, he discovered what appeared and was later confirmed to be methamphetamine on Kar's person. Officer Harper performed several field sobriety tests on Kar in addition to the Romberg Test. After being taken into custody, Kar tested positive for the presence of methamphetamine and amphetamine in his blood. Accordingly, this case does not require us to reach the issue of whether the Romberg Test is subject to the admissibility standards of *Harper* because the overwhelming evidence renders harmless any error in the admission of the challenged evidence.

2. Kar contends that insufficient evidence was presented to support his conviction for DUI less safe. We disagree.

Kar argues that Officer Harper's failure to deduce that he was intoxicated to the point of operating the vehicle in a less safe manner until after the discovery of methamphetamine on Kar's person should result in the reversal of his conviction on the ground. Kar's argument is of no moment. As this Court previously has explained,

5

[m]ere presence of [an intoxicant] is not the issue. In a less safe case, the [S]tate must prove that the defendant had impaired driving ability as a result of [ingesting an intoxicant]. It is not necessary for an officer to give his opinion or state specifically that a defendant was a less safe driver[] because the trier of fact may form its own opinion based on the indicia pointing to [impaired driving ability].[10]

In this case, sufficient evidence, including (1) Kar's excessive speed and erratic driving,[11] (2) Kar's possession of methamphetamine, and (3) Kar's blood results showing the presence of methamphetamine and amphetamine, supports the jury's finding that Kar's ability to safely operate his vehicle was impaired by his ingestion of methamphetamine and amphetamine.

3. Kar also contends that insufficient evidence supports his conviction for possession of methamphetamine. We disagree.

The State presented direct evidence that Kar possessed methamphetamine in the watch pocket of his pants at the time he was arrested by Officer Harper. Kar argues, however, that the State failed to present sufficient evidence to exclude his

---

[10] (Footnote and punctuation omitted.) *State v. Sanders*, 274 Ga. App. 393, 396-397 (617 SE2d 633) (2005).

[11] See *Jaffray*, 306 Ga. App. at 471 n.12 (citing cases establishing that impairment including speeding constitute evidence that a driver is impaired in order to support a conviction of DUI less safe).

reasonable hypothesis that the pants in which the methamphetamine was discovered belonged to another individual, and therefore, he did not knowingly possess the methamphetamine. Nevertheless, "it is not necessary that the . . . evidence exclude every other hypothesis except that of guilt, but only reasonable inferences and hypotheses. It was for the jury to decide whether all reasonable hypotheses have been excluded."[12] Kar presented his hypothesis to the jury, and the jury rejected it.

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[12] (Punctuation omitted.) *Pecina v. State*, 274 Ga. 416, 419 (2) (554 SE2d 167) (2001).