**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 16, 2016**

# In the Court of Appeals of Georgia

A16A1276. DICKSON v. THE STATE.

MCFADDEN, Judge.

James Dickson appeals his convictions for first degree vehicular homicide, serious injury by vehicle, possession of a schedule IV controlled substance, driving under the influence of a controlled substance, and driving on the wrong side of the road. He argues that the evidence is insufficient to support the vehicular homicide, serious injury by vehicle, and DUI convictions. We find that the evidence was sufficient to support the vehicular homicide and serious injury by vehicle convictions. But because a lesser included DUI predicate offense may not stand as a separate conviction when the defendant has been convicted of vehicular homicide, we vacate Dickson's DUI conviction and remand for resentencing.

Dickson also argues that the trial court erred by denying his motion for a mental examination, but Dickson has not shown that the trial court abused his discretion in finding no reasonable doubt as to Dickson's competency and therefore no need for further proceedings on the matter. Finally, Dickson argues that trial counsel was ineffective, but he has not met his burden of showing deficient performance. Accordingly, we affirm in part, vacate in part, and remand for resentencing.

1. *Facts.*

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the [defendant] is no longer entitled to the presumption of innocence." *Newsome v. State,* 324 Ga. App. 665 (751 SE2d 474) (2013) (citation omitted). "We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses." *Byrd v. State,* 325 Ga. App. 24 (752 SE2d 84) (2013) (citation omitted).

So viewed, the evidence showed that Julia Sikes Powell was driving a pickup truck and trailer southbound on State Route 17 near Canon, Georgia. Her husband, Bobby Bland, was sitting in the passenger seat. Billy Joey Hart was driving a pickup

truck behind Powell. Dickson, who was driving a Buick sedan north on State Route 17, crossed the center line and collided with Powell's and Hart's trucks. Bland and Hart were killed in the wreck. Powell ruptured her spleen, which had to be surgically removed. Dickson was taken to the hospital and his blood and urine were tested and indicated the presence of diazepam, nordiazepam, alprazolam, methadone, morphine, THC metabolites, and alcohol.

The state charged Dickson with two counts of homicide by vehicle in the first degree, in that he caused the deaths of Hart and Bland by operating a motor vehicle while under the influence of diazepam, nordiazepam, alprazolam, methadone, and marijuana to the extent that he was a less safe driver (Counts 1 and 2; OCGA § 40-6-393 (a)); two counts of homicide by vehicle in the first degree, in that he caused the deaths of Hart and Bland by operating a motor vehicle while his blood-alcohol concentration was .08 or greater (Counts 3 and 4; OCGA § 40-6-393 (a)); one count of serious injury by vehicle for causing bodily harm to Julia Sikes Powell by rupturing her spleen while driving under the influence of diazepam, nordiazepam, alprazolam, methadone, and marijuana to the extent that he was a less safe driver (Count 5; OCGA § 40-6-394); one count of serious injury by vehicle for causing bodily harm to Julia Sikes Powell by rupturing her spleen while operating a motor

3

vehicle while his blood-alcohol concentration was .08 or greater (Count 6; OCGA § 40-6-394); one count of possession of a schedule IV controlled substance, alprazolam (Count 7; OCGA § 16-13-30 (a)); one count of driving under the influence of a controlled substance (Count 8; OCGA § 40-6-391 (a) (6)); one count of driving under the influence of drugs to the extent that he was a less safe driver (Count 9; OCGA § 40-6-391 (a) (2)); one count of driving under the influence of alcohol while his blood-alcohol concentration was .08 grams or more (Count 10; OCGA § 40-6-391 (a) (5)); one count of driving under the influence of alcohol to the extent he was a less safe driver (Count 11; OCGA § 40-6-391 (a) (1)); and one count of driving on the wrong side of the roadway (Count 12; OCGA § 40-6-40 (a)).

The jury found Dickson guilty of all counts. The trial court merged counts 3 and 4 (vehicular homicide based on DUI alcohol, per se) into the convictions on counts 1 and 2 (vehicular homicide based on DUI drugs, less safe); count 6 (serious injury by vehicle based on DUI alcohol, per se) into the conviction on count 5 (serious injury by vehicle based on drugs, less safe); and DUI counts 9, 10, and 11 (DUI drugs, less safe; DUI alcohol, per se; DUI alcohol, less safe) into the DUI conviction on count 8 (DUI, drugs per se). Consequently, the court sentenced Dickson on his convictions on vehicular homicide based on DUI drugs, less safe;

4

serious injury by vehicle based on drugs, less safe; DUI, drugs per se; possession of a controlled substance; and driving on the wrong side of the roadway. The court sentenced Dickson to consecutive 15-year terms on the vehicular homicide convictions; a consecutive 15-year term on the serious injury by vehicle conviction; a consecutive five-year term on the possession of a controlled substance conviction; a 12-month term on the DUI conviction; and a 12-month term on the driving on the wrong side of the roadway conviction.

2. *Sufficiency of the evidence.*

Dickson challenges the sufficiency of the evidence to support all but his convictions of possession of a controlled substance and driving on the wrong side of the roadway. We find the evidence sufficient to support the vehicular homicide and serious injury by vehicle convictions. We do not reach his challenge to the sufficiency of the evidence to support the DUI conviction because that conviction must be vacated. As for the counts that were merged, we reject Dickson's evidentiary challenge as moot.

(a) *Vehicular homicide and serious injury by vehicle.*

As noted, Dickson was convicted of two counts of homicide by vehicle in the first degree under OCGA § 40-6-393 (a), in that he caused the deaths of Hart and

Bland through a violation of OCGA § 40-6-391 by operating a motor vehicle while under the influence of diazepam, nordiazepam, alprazolam, methadone, and marijuana to the extent that he was a less safe driver. He was convicted of serious injury by vehicle under OCGA § 40-6-394 for causing bodily harm to Julia Sikes Powell by rupturing her spleen through a violation of OCGA § 40-6-391 by operating a motor vehicle while under the influence of diazepam, nordiazepam, alprazolam, methadone, and marijuana to the extent that he was a less safe driver. Dickson argues that the evidence did not show that he was a less safe driver.

> As this [c]ourt previously has explained, mere presence of an intoxicant is not the issue. In a less safe case, the (s)tate must prove that the defendant had impaired driving ability as a result of ingesting an intoxicant. It is not necessary for an officer to give his opinion or state specifically that a defendant was a less safe driver because the trier of fact may form its own opinion based on the indicia pointing to impaired driving ability.

*Kar v. State*, 318 Ga. App. 379, 381 (2) (733 SE2d 387) (2012) (citation and punctuation omitted). Here, the state presented testimony of an expert in pharmacology and toxicology that the drugs in Dickson's system would have made him a hazardous driver and that he was severely impaired. This testimony, in conjunction with the other evidence, amply supported the vehicular homicide and

6

serious injury by vehicle convictions. See *Wright v. State*, 304 Ga. App. 651, 652-653 (1) (697 SE2d 296) (2010) (holding evidence that appellant admitted to taking drugs, lab tests confirming the presence of drugs in his blood, and evidence that his vehicle crossed the centerline and caused a collision was sufficient to establish appellant's impairment).

(b) *Driving under the influence.*

We do not reach Dickson's evidentiary challenge to his DUI conviction because that conviction merges with the vehicular homicide convictions as a lesser included offense. *Leachman v. State*, 286 Ga. App. 708, 710 (649 SE2d 886) (2007) (citation and footnote omitted). Accordingly, "we vacate [Dickson's DUI] conviction and his sentence and remand the case to the trial court for resentencing, which moots his challenges to his [DUI] conviction." *Mack v. State*, __ Ga. App. __ (__ SE2d __) (Case No. A16A0966, decided Oct. 12, 2016).

(c) *Merged counts.*

To the extent Dickson challenges the sufficiency of the evidence to support the counts that were merged into others, those counts were vacated by operation of law, and his challenge to the sufficiency of the evidence to support them is moot.

*Anderson v. State*, 299 Ga. 193, 196 (1) n. 4 (787 SE2d 202) (2016) (citations omitted).

3. *Denial of motion for competency evaluation.*

Dickson argues that the trial court erred by denying his motion for an evaluation of his competency. We disagree.

The trial court conducted a hearing on the motion, at which he heard testimony from the jail administrator about his interactions with Dickson, including that Dickson had written coherent letters to the editor of a newspaper about jail conditions, and the nurse at the jail, who testified about her daily interactions with Dickson. The trial court denied the motion based on the testimony of the witnesses and his own observations of Dickson.

"The question on appeal . . . is whether the trial court abused [his] discretion in finding no reasonable doubt as to [Dickson's] competency and therefore no need to conduct further proceedings," such as ordering a mental examination. *Wadley v. State*, 295 Ga. App. 556, 557-558 (672 SE2d 504) (2009) (citation omitted). The record shows that there was sufficient evidence to support the trial court's conclusion that Dickson was competent to stand trial. Id. at 558. Dickson has not shown trial court error. See *Jackson v. State*, 294 Ga. 431, 434 (4) (754 SE2d 322) (2014).

4. *Assistance of counsel.*

Dickson argues that he received ineffective assistance of trial counsel in four ways: 1) trial counsel failed to move for a mental examination until four days before trial; 2) trial counsel informed the jury that Dickson had a lifelong drug and alcohol problem and had more than twenty criminal charges; 3) trial counsel failed to object to the admission of evidence of Dickson's arrests that had not resulted in convictions; and 4) trial counsel failed to file a general demurrer to the charge of driving under the influence of a controlled substance.

> To prevail on his claim of ineffective assistance, Dickson must prove
>
> both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong.

*Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012) (citations and punctuation omitted).

Initially we observe that Dickson failed to call trial counsel to testify at the motion for new trial hearing. Without trial counsel's testimony, "it is difficult [for

9

Dickson] to overcome the strong presumption that counsel's conduct was professional." *Hall v. State*, 286 Ga. 358, 360 (2) (687 SE2d 819) (2010) (citations omitted).

Dickson argues that trial counsel's failure to move for a mental examination until four days before trial amounted to deficient performance. As noted in Division 3, however, the trial court heard evidence and based his denial of the motion on that evidence as well as his own observations. And nothing in the record indicates that the court would have granted the motion had counsel made it earlier.

Dickson argues that trial counsel performed deficiently by informing the jury that Dickson had a lifelong drug and alcohol problem and had more than 20 criminal charges, and by failing to object to the admission of evidence of Dickson's arrests that had not resulted in convictions. But the trial court had granted the state's motion to introduce other acts evidence under OCGA § 24-4-404 (b). Given that the introduction of such evidence was likely, we cannot say that any attempt trial counsel may have made to short-circuit its impact was deficient, particularly without trial counsel's testimony on this issue. Moreover, nothing in OCGA § 24-4-404 (b) limits the admission of such evidence to other convictions, so any objection to the evidence on the ground that the arrests had not resulted in convictions would have been

without merit. OCGA § 24-4-404 (b) (concerns "prior crimes, wrongs, or acts"). "[T]rial counsel cannot be deemed ineffective for failing to make a meritless objection." *Hernandez v. State*, __ Ga. __, __ (4) (__ SE2d __) 2016 Ga. LEXIS 645 at *9 (Case No. S16A0936, decided Oct. 17, 2016) (citation omitted).

Finally, Dickson argues that trial counsel was ineffective for failing to file a general demurrer to the count of the indictment alleging DUI drugs, per se. Dickson cannot show any prejudice in this regard because, as directed in Division (2) (b), upon remand, this charge will be merged into the vehicular homicide convictions.

Dickson has not met his burden of showing "both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance." *Wright*, 291 Ga. at 870 (2). Thus, he "cannot sustain his claim of ineffective assistance of counsel." *Hall*, 286 Ga. at 360 (2).

*Judgment affirmed in part, vacated in part, and case remanded for resentencing. Miller, P. J., and McMillian, J., concur*.