**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 5, 2020**

# In the Court of Appeals of Georgia

A20A0187. CRAWFORD v. THE STATE.

COLVIN, Judge.

After a jury trial, Russell Crawford was convicted of aggravated battery, rape, and aggravated sodomy. He appeals from the denial of his motion for new trial, arguing that the trial court erred by not conducting a competency hearing under OCGA § 17-7-130 (d) and by not conducting an inquiry into his competency to stand trial. For the following reasons, we vacate the trial court's order and remand the case for proceedings consistent with this opinion.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Citation and punctuation omitted.) *Matlock v. State*, 302 Ga. App. 173, 173 (690 SE2d 489) (2010).

Viewed in that light, the evidence shows that on April 25, 2013, Ebony Smith drove to a friend's apartment in Rome, Georgia, and sat parked outside while she waited for her friend to get ready to leave. While she was waiting, Crawford approached her vehicle, demanded to use her phone and asked for a ride. When Smith refused, Crawford eventually left and went into the apartment next door to the apartment where Smith's friend lived. Smith then went inside her friend's apartment. Smith and her friend then heard noises from the upstairs apartment, a large item being thrown to the ground outside, and what sounded like a body being slammed against a wall. When the women left the apartment, they noticed the door to the upstairs apartment was wide open and there was a puddle of blood on the ground outside with blood drips leading to the apartment where Crawford had retreated. When Smith was back in her car, Crawford again approached her to ask for a ride. Smith refused, and noticed that blood was on his shirt. The women then decided to call the police.

When responding officers entered Crawford's apartment, they noticed a puddle of blood both inside and outside his apartment door, and found the victim bundled up in a blanket with "blood all over it." The victim had blood around her head and was unresponsive.

The victim testified that she lived in an apartment above the residence of Smith's friend. The victim testified that she did not recall the incident, but that she had never engaged voluntarily with Crawford in the past, would never have engaged in consensual sex with him, and would never have voluntarily gone into his apartment. The victim testified that when she regained consciousness in the hospital, she had a broken ankle, hip and pelvis, broken arms, and a brain injury. A sexual assault exam performed at the hospital revealed male DNA in her rectum that belonged to Crawford.

1. Although Crawford does not argue on appeal that the evidence was insufficient to support the verdict, we note that the evidence as presented meets the sufficiency requirements set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). See OCGA §§ 16-5-24 (aggravated battery); 16-6-1 (rape); 16-6-2 (a) (2) (aggravated sodomy).

2. Crawford argues that the trial court erred by failing to properly assess his competence to stand trial. We agree in part.

On October 27, 2014, the State filed a motion for involuntary commitment pursuant to OCGA §§ 17-7-130 and 37-3-81.1. The motion noted that Crawford had previously been found incompetent to stand trial in other criminal proceedings against

3

him. On the same day, the trial court issued an order of commitment, declaring Crawford "incapable of participating in the defense of his case to a meaningful degree, and that rehabilitative steps should be undertaken to bring [him] to the point of competency[.]" The Georgia Department of Behavioral Health & Developmental Disabilities ("DBHDD") then performed a 90-day competency evaluation on Crawford. The report noted that Crawford's "self-report was considered to be unreliable due to his current and previous behaviors indicating efforts to make himself appear more psychologically impaired than we observed." The report concludes that, although Crawford was uncooperative during the evaluation, he was competent to stand trial because he "did not demonstrate an inability to understand the nature and object of the proceedings relating to the charges against him, he appeared to comprehend his own condition in reference to the proceedings, and he behaved as if able to render counsel assistance in providing a proper defense if he considered it would be to his advantage." Crawford did not file a special plea alleging that he was mentally incompetent to stand trial. The trial court then proceeded to hold a jury trial.

4

Crawford now argues that the trial court erred by not holding a hearing pursuant to OCGA § 17-7-130 (d) to determine his competency after the DBHDD deemed him competent to stand trial.

OCGA § 17-7-129 (a) provides that

[w]hen information becomes known to the court sufficient to raise a bona fide doubt regarding the accused mental competency to stand trial, the court has a duty, sua sponte, to inquire into the accused's mental competency to stand trial. The court may order the [DBHDD] to conduct an evaluation of the accused's competency. If the court determines that it is necessary to have a trial on the issue of competency, *the court shall follow the procedures set forth in [OCGA § ] 17-7-130. . . .*

(Emphasis supplied.)

In this case, the trial court properly followed this procedure to the extent that it declared Crawford incompetent to stand trial in its October 27, 2014, order, and ordered Crawford into the custody of DBHDD for a determination of competency. However, after the DBHDD evaluation holding that Crawford was competent, the trial court failed to follow the procedure set forth in OCGA § 17-7-130 (d),[1] which provides, in relevant part, if the DBHDD's "physician or licensed psychologist

---

[1] OCGA § 17-7-130 (C), which is not applicable in this case, was found to be unconstitutional as applied in *McGourik v. State*, 303 Ga. 881 (815 SE2d 825) (2018).

5

determines at any time that the accused is mentally competent to stand trial[,] . . . the court *shall* hold a bench trial to determine the accused's mental competency to stand trial within 45 days of receiving the department's evaluation or, if demanded[.]" (Emphasis supplied.) OCGA § 17-7-130 (d). "Because the statutory procedures of OCGA § 17-7-130 were triggered by the trial court's entry of the [October 27, 2014] order directing his evaluation . . . , the court was bound to implement the remaining dictates of the statutory scheme. This should have been completed by the court prior to . . . proceeding to trial." *Beach v. State*, 351 Ga. App. 237, 242-243 (2) (b) (830 SE2d 565) (2019).

The State argues in its appellate brief that Crawford's failure to file a special plea of incompetence has waived this issue. It is true that because Crawford did not file a special plea of incompetence to stand trial pursuant to OCGA § 17-7-139, he "waived [his] right to a special jury on the issue of [his] competency. [However,] [e]ven where no special plea is filed, . . . where a question about a defendant's competence is raised, the trial court must hold an 'adequate hearing' on the issue." (Citations and punctuation omitted.) *Wadley v. State*, 295 Ga. App. 556, 557 (672 SE2d 504) (2009).

Here, counsel for Crawford informed the trial court that Crawford, who had a long history of psychotic episodes, could not communicate with counsel in complete sentences or otherwise. Under these circumstances, the trial court erred when it did not hold a hearing on Crawford's competency to stand trial. Accordingly, we

> remand the case to the trial court to conduct the required procedure under OCGA § 17-7-130 (d) (1), but do not require a new trial on guilt or innocence at this time. This case is remanded with direction that the trial court conduct a hearing to determine the above issues. Upon completion of the proceedings on remand, the judgment may be subject to a right of appeal from the rulings and findings then made.

(Footnotes, citation and punctuation omitted.) *Beach*, 351 Ga. App. at 243 (2) (b), citing *Baker v. State*, 250 Ga. 187, 193 (1) (297 SE2d 9) (1982).

2. As a result of our holding in Division 1, Crawford's remaining enumeration of error is moot.

*Judgment vacated and case remanded with direction. Reese, P. J., and Markle, J., concur*.