**THIRD DIVISION**
**DOYLE, P. J.,**
**PIPKIN, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 2, 2023**

# In the Court of Appeals of Georgia

A22A1286. ROBERTSON v. THE STATE.

DOYLE, Presiding Judge.

Following a bench trial, Norman Robertson was convicted of driving under the influence of alcohol to the extent that it is less safe to drive ("DUI"), failure to obey a traffic control device, and failure to maintain lane. Prior to trial, the court denied Robertson's motion to suppress his refusal to submit to the officer's request to conduct field sobriety evaluations on the basis that the admission of his refusal violated his State right against self-incrimination. Robertson now appeals the trial court's denial of his motion. For the reasons set forth below, we affirm in part the judgment as to the convictions for failure to obey a traffic control device and failure

to maintain lane,[1] and we vacate in part the order on the motion to suppress as to the admissibility of Robertson's refusal to perform roadside sobriety evaluations and remand for entry of a new order in light of recent Georgia Supreme Court precedent, vacate in part trial court's final judgment as to the conviction for DUI, and remand the case for retrial as to that charge.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant is no longer entitled to the presumption of innocence."[2] So viewed, the record shows that on a sunny day around 11:00 a.m. in May 2019, a concerned citizen alerted nearby police after allegedly observing a person driving erratically. The officer and his trainee observed Robertson driving with his hazard lights on and crossing a fog line; eventually they pulled behind Robertson's truck sitting at a red light in the left turn lane. The trainee was driving, and he activated the cruiser's lights; Robertson did not proceed through the green light, instead hesitating and then turning left through the red light into a shopping

---

[1] Robertson makes no argument that the trial court's denial of his motion to suppress affected the verdict for these charges, and in his brief on appeal, he asks this Court to grant a retrial only with regard to the DUI charge. Accordingly, we affirm the trial court's judgment as to these counts.

[2] (Citation and punctuation omitted.) *Dickson v. State*, 339 Ga. App. 500, 501 (1) (793 SE2d 663) (2016).

2

center parking lot, where he parked over two parking spots. After making contact with Robertson, the officers smelled a strong odor of alcohol emanating from Robertson and noticed his flushed face; Robertson could not find his license, so he wrote his name on a paper for the them. The officer asked Robertson to remove his sunglasses, revealing watery bloodshot eyes, and the trainee later characterized Robertson's speech as slurred and noted that he was hesitant to answer questions and bobbed his head.

The officer asked Robertson why he was driving so erratically, and Robertson proceeded to tell a long story about having to visit his mother to assist her and that she had been having a hard time since his father passed away last year. Robertson seemed emotional when discussing his mother and father. The officer asked Robertson if he had been drinking; Robertson refused to answer and instead stated that he would leave his car and get a rideshare service to take him home in order to placate the officers. He also refused to engage in field sobriety tests. Although he did not admit explicitly to drinking or to being too impaired to operate the vehicle, Robertson repeatedly asked the officers to let him call for a rideshare, promised not to drive any more, and asked the officers "to do this favor" for him. Based on the officers' observations of Robertson, including his failure to maintain his lane, running

3

the red light, driving with hazard lights on during the day, the odor of alcohol, bloodshot eyes and flushed face, and his refusal to engage in roadside sobriety testing, they placed Robertson under arrest.[3]

Prior to trial, Robertson moved to suppress his refusal to engage in field sobriety tests, among other things, arguing that admission of his refusal was a violation of his right against self-incrimination. The trial court denied his motion to suppress the refusal. Thereafter, Robertson proceeded to a bench trial, renewing his objection to admission of the refusal and stating that he had waived his right to a jury based on the trial court's denial of his motion to suppress on this ground. Following his conviction, Robertson filed this appeal.

On December 9, 2021, the Supreme Court of Georgia granted an application for interlocutory appeal in *Ammons v. State* to determine whether pre-arrest field sobriety tests are compelled acts such that the refusal to engage in them may not be

---

[3] The trainee testified that Robertson urinated in the seat. It is unclear from the testimony if the trainee meant the seat of Robertson's vehicle or the backseat of the cruiser after arriving at the jail. We note that the video does not show any obvious sign of wetness on Robertson's clothes when he exited the truck to be arrested, and the officers did not seem to react to or avoid any wetness in the seat while conducting a post-arrest search of the truck.

used against a defendant at trial.[4] The Supreme Court recently released its opinion in

this case, and it answered this question in the affirmative.[5] Therefore, the trial court's

denial of Robertson's motion to suppress as to this issue was erroneous.[6] The State,

however, argues that the trial court's error was harmless because the trial court did

not rely on the evidence of the refusal when determining Robertson's guilt.[7]

We agree with the State that the trial court's order omits from its reasoning for

its finding of guilt the fact that Robertson refused to submit to field sobriety testing.

The testimony from the trainee and the video of the stop support a finding of guilt

---

[4] See *Ammons v. State*, Case No. S22I0281, Order (Dec. 9, 2021) (granting application for interlocutory appeal).

[5] See *Ammons v. State*, ___ Ga. App. ___ (2) (a) & (b) (880 SE2d 554) (2022).

[6] "Although [Robertson] was convicted of DUI, less safe in [March 2022] and the Supreme Court of Georgia issued [*Ammons*] in [November 2022], we apply [*Ammons*] here under the 'pipeline' rule [because Robertson] preserved the issue for appeal by objecting to the admission of his refusal at trial." *Porter v. State*, 364 Ga. App. 465, 468 n.11 (875 SE2d 486) (2022), citing *State v. Herrera-Bustamante*, 304 Ga. 259, 262-263 (2) (a) (818 SE2d 552) (2018).

[7] Compare *Taylor v. State*, 365 Ga. App. 700, 705-706 (1) (879 SE2d 871) (2022) (holding that admission of refusal to take a breathalyzer test could not be considered harmless under the facts of the case given that the defendant provided another explanation for his appearance of unsteadiness); *Porter*, 364 Ga. App. at 468-469 (2) (in addition to the State conceding that references to the defendant's refusal to submit to a State-administered breath test at trial did not constitute harmless error, the appellate court found that it could have had an effect on the outcome of trial).

without this evidence. Nevertheless, Robertson gave other reasons for his poor driving — his emotional situation with his mother that morning.[8] Moreover, although Robertson asked the officers "for a favor" and offered to take a rideshare home, which could be taken as an admission of guilt, at no point did he explicitly admit that he was driving under the influence of alcohol to the extent that it is less safe to do so, despite the State's insistence otherwise. The State also relied on Robertson's refusal when arguing its side to the trial court.

Moreover, Robertson argues that he specifically waived a jury trial based on the trial court's decision to deny his motion to suppress and allow evidence regarding his refusal. "[A] harmless error analysis cannot be applied to a jury trial waiver."[9] Thus, while Robertson's waiver of his right to a jury trial may have been knowing and intelligent under the circumstances, it was based wholly upon the trial court's erroneous decision as to the suppression issue.[10] Accordingly, we decline to find that

---

[8] See *Taylor*, 365 Ga. App. at 705-706 (1).

[9] *Balbosa v. State*, 275 Ga. 574, 575 (2) (571 SE2d 368) (2002).

[10] See *Overcash v. State*, 322 Ga. App. 372 (745 SE2d 286) (2013). See also *Brumbalow v. State*, 128 Ga. App. 581, 582 (197 SE2d 380) (1973) ("'The right of trial by jury in criminal prosecutions is a great constitutional right of which the accused cannot be deprived except of his own accord. While he may voluntarily waive it, yet he may revoke such waiver by making timely application therefor. This

the error in failing to suppress the evidence was necessarily harmless and vacate in part the trial court's order as to the motion to suppress as to Robertson's refusal to perform roadside sobriety tests and remand for entry of an order consistent with *Ammons*. We also vacate in part the final judgment as to the conviction for DUI, and we remand this case for retrial on that charge.[11] We affirm his convictions for failure to maintain lane and failure to obey a traffic control device.

*Judgment affirmed in part, vacated in part, and case remanded. Pipkin, J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

right of revocation must be exercised in such season as not substantially to delay or impede the cause of justice.'").

[11] *Ealey v. State*, 310 Ga. App. 893, 898-899 (714 SE2d 424) (2011).